Andrew Lewinter
OSB # 080031
Andrew Lewinter, Attorney, P.C.
132 E. Broadway, Suite 821
Eugene, OR 97401
Telephone: (541) 686-4900
Facsimile: (541) 686-1300
andrew@lewinterlaw.com

Attorney for Plaintiff Daniel Minissale

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| **DANIEL MINISSALE**,<br><br>   Plaintiff,<br><br>   v.<br><br>**KAMPFER ENTERPRISES, INC.,** an Oregon corporation**, MEADOW PARK MOBILE ESTATES LIMITED PARTNERSHIP**, an Oregon limited liability company, and **Lawrence Kampfer** and **Alice Fern Robinson**, individuals.<br><br>   Defendants. | Case No.: 20-cv-00682<br><br>**COMPLAINT**<br>(Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.; ORS 652.020; ORS 653.055)<br><br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

1.

Plaintiff Daniel Minissale lived and worked as a full-time property manager on Defendant's premises from January 1, 2018 until June 7, 2019.  Defendant did not pay him

anything for that work, choosing instead to pay Mr. Minissale's girlfriend for the work that he performed.

## JURISDICTION AND VENUE

2.

This Court has jurisdiction over this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1337, as it arises under acts of Congress regulating commerce. This Court has supplemental jurisdiction over the state claims under 28 U.S.C. § 1367(a).

3.

Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this complaint occurred in the District of Oregon.

4.

Costs and reasonable attorney fees may be awarded pursuant 29 U.S.C. § 216(b) on all claims described herein.

## PARTIES

5.

Plaintiff Daniel Minissale ("Mr. Minissale") is a citizen of Oregon and a resident of Benton County. Mr. Minissale worked as an on-site property manager for Defendants from January 1, 2018 through June 7, 2019, but Defendants did not pay him for his work. At all material times, Mr. Minissale was an employee engaged in commerce, within the meaning of 29 U.S.C. § 206.

6.

Defendant Kampfer Enterprises, Inc. ("Kampfer Enterprises") leases and manages

properties in Benton County, Oregon. Defendant Kampfer Enterprises is owned by Lawarence Kampfer, who is its president. Defendant Meadow Park Estates Limited Partnership ("Meadow Park") shared Mr. Minissale's services and acted in the interest of Defendant Kampfer Enterprises in relation to Mr. Minissale. Defendant Meadow Park is owned by Defendant Alice Fern Robinson. Defendants Kampfer Enterprises and Meadow Park jointly employed Mr. Minissale.

7.

Defendants Lawarence Kampfer and Alice Fern Robinson jointly directed the day-to-day operations of Defendants Kampfer Enterprises and Meadow Park. Defendants Kampfer and Robinson set company policies and had the authority to sign checks to pay Mr. Minissale. Defendants Kampfer and Robinson acted at all times in the interest of an employer with respect to Mr. Minissale.

8.

At all material times, Defendants were Mr. Minissale's employers within the meaning of 29 U.S.C. § 203(d). Moreover, at all material times, Defendants were an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1), having annual gross sales of $500,000 or more.

**FACTS**

9.

Although Mr. Minissale worked as a full-time property manager for Defendants from January 1, 2018 through June 7, 2019, Defendants never paid him for any of the work that he did, except that they gave him housing.

10.

Defendants required that Mr. Minissale be on call every hour of every day he worked for them, and his freedom was severely restricted. He had to be available to address concerns on

Defendants' property at all hours of the day or night and needed advance permission to leave the premises for more than two hours at a time.  Consequently, every hour for his entire tenure of employment was compensable and those hours over 40 per week were compensable at time-and-a half, pursuant to 29 U.S.C. § 207(a).

11.

Defendants failed to keep records of Mr. Minissale as required by 29 U.S.C. § 211(c).

### FIRST CLAIM FOR RELIEF – 29 U.S.C. § 206

12.

Mr. Minissale re-alleges paragraphs 1 through 11 and incorporates them as if fully set forth herein.

13.

Defendant failed to pay Mr. Minissale at all for the work that he performed for Defendants during the term of his employment, which was from January 1, 2018 to June 7, 2019.

14.

Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 206 by failing to pay him for the work that he performed during his tenure of employment. Defendants had actual knowledge or recklessly disregarded whether their compensation scheme violated the Fair Labor Standards Act.  Consequently, Defendants' violations were willful.

15.

Pursuant to 29 U.S.C. § 216, Defendants are jointly and severally liable to Mr. Minissale for his unpaid minimum wages for every hour that he worked for Defendants from January 1, 2018 through June 7, 2019, or 12,528 hours. Moreover, Mr. Minissale seeks liquidated damages

for all of those hours, pursuant to 29 U.S.C. § 216, as well as pre-judgment and post-judgment interest.

16.

Mr. Minissale seeks reasonable attorney fees and costs of this action, as provided by 29 U.S.C. § 216.

## SECOND CLAIM FOR RELIEF – 29 U.S.C. § 207

17.

Mr. Minissale realleges paragraphs 1 through 11 and incorporates them as if fully set forth herein.

18.

Mr. Minissale worked for Defendants 24 hours a day, seven days a week, for the entire term of his employment for Defendants, from January 1, 2018 through June 7, 2019. Since he worked for Defendants for 168 hours each week and was not paid anything except his room, he is entitled to time-and-one-half pay for 128 hours each week, which are the number of hours in excess of 40 per week, or 9472 hours at half time in addition to the straight time hours described above in paragraph 15.

19.

Pursuant to 29 U.S.C. § 216, Defendants are jointly and severally liable to Mr. Minissale for his unpaid overtime wages for every hour in excess of 40 per week that he worked for Defendants from January 1, 2018 through June 7, 2019, or 9472 hours. Moreover, Mr. Minissale seeks liquidated damages for all of those hours (the hours he is owed at straight time plus the hours he is owed at time-and-a-half), pursuant to 29 U.S.C. § 216. Mr. Minissale seeks

liquidated damages on that total amount he is owed (both straight time and time and one-half), pre and post-judgment interest, and attorney fees and costs of this action.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Mr. Minissale hereby demands a trial by jury as to all issues.

## DEMAND FOR RELIEF

**WHEREFORE**, Mr. Minissale prays for judgment against Defendant as follows:

1. Unpaid wages for every hour he worked for Defendants in an amount to be determined at trial;
2. Time-and-one-half his regular rate of pay for those hours he worked for Defendants in excess of forty per week;
3. Liquidated damages on all unpaid regular wages and overtime wages owed;
4. Pre-judgment and post-judgment interest;
5. His reasonable attorney fees and costs incurred herein; and
6. Such other relief as the Court deems just and equitable;

DATED this April 24, 2020

s/ *Andrew Lewinter*
Andrew Lewinter OSB # 080031